15-3941-cv (L)
Ruiz et al. v. Citibank, N.A.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

_____

Digna Ruiz, on behalf of herself and all others similarly situated, Dara SW Ho, Mark A. Turner, Frederick L. Winfield, individually and on behalf of all others similarly situated, Zulma G. Muniz, individually and on behalf of all others similarly situated, James Steffensen, Adoram Shen, individually and on behalf of all others similarly situated,

> *Plaintiffs-Appellants*,

> v.                                                    **Nos. 15-3941-cv, 15-3946-cv**

Citibank, N.A.,

> *Defendant-Appellee.*

_____

FOR APPELLANTS:                     MURIELLE STEVEN WALSH, Pomerantz LLP, New York, NY (Gregory M. Egleston, Gainey McKenna & Egleston, New York, NY; Timothy J. MacFall, Rigrodsky & Long, P.A., Garden City, NY, *on the brief*).

**FOR APPELLEE:**                              THOMAS A. LINTHORST, Morgan Lewis & Bockius LLP, Princeton, NJ (Stephanie R. Reiss, Morgan Lewis & Bockius LLP, Pittsburgh, PA; Sam S. Shaulson, Morgan Lewis & Bockius LLP, Princeton, NJ, *on the brief*).

Appeal from an order of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants appeal from a decision of the district court denying class certification as to their state law claims for unpaid overtime.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.  Standard of Review

"We review a district court's denial of class certification for abuse of discretion." *Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*, 806 F.3d 71, 86 (2d Cir. 2015). "This standard means that the district court 'is empowered to make a decision—of its choosing—that falls within a range of permissible decisions,' and we will only find 'abuse' when the district court's decision 'rests on an error of law . . . or a clearly erroneous factual finding, or . . . its decision . . . cannot be located within the range of permissible decisions.'" *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

---

[1] The district court also decertified the provisionally certified collective action under the Fair Labor Standards Act. The Plaintiffs have not separately challenged the decertification decision on appeal, so we do not address it.

## II.  Class Certification

The district court set forth its reasons for denying class certification in its well-reasoned and comprehensive Opinion and Order dated March 19, 2015. The district court clearly explained at length why the evidence presented by the Plaintiffs failed to demonstrate sufficient uniformity in the Defendant's exercise of managerial discretion. The district court correctly concluded that this failure was fatal to the Plaintiffs' ability to carry their burden with respect to commonality under Fed. R. Civ. P. 23(a)(2), and that class certification was therefore not appropriate. The district court also correctly concluded that even if the commonality requirement had been satisfied, the predominance requirement of Fed. R. Civ. P. 23(b)(3) remained unsatisfied on the record before it.

In its Opinion and Order dated August 4, 2015, the district court provided lucid and accurate analysis of the issue now before this Court and carefully explained why the Plaintiffs' position rests on a misapprehension of the burden that the law imposes on them at the class certification stage. That is, under *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), the "rigorous analysis" required at the class certification stage "will [frequently] entail some overlap with the merits of the plaintiff's underlying claim." *Id.* at 351. The district court also noted this Court's precedent establishing that the burden borne by a party seeking class certification "is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement." *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006).

We agree with the district court's ruling for substantially the reasons set forth in its well-reasoned decisions. There was no abuse of discretion.

We have considered all of the Appellants' arguments to the contrary and find them without merit. The decision of the district court is **AFFIRMED**. The Appellants' motion for leave to supplement the appendix and the Appellee's motion to strike portions of the briefs are **DENIED** as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk